Matthias, J.
The sole issue which is dispositive of this cause is whether money received by a municipal corporation from the state and derived from the state motor-vehicle fuel and license taxes may be used to pay for the lighting of urban portions of limited-access highways.
Section 5a, Article XII of the Constitution of Ohio, states:
“No moneys derived from fees, excises, or license taxes relating to registration, operation, or use of vehicles on public highways, or to fuels used for propelling such vehicles, shall be expended for other than * # * payment of highway obligations, costs for construction, reconstruction, maintenance and repair of public highways and bridges and other statutory highway purposes * # (Emphasis added.)
The sections of the Revised Code mentioned by the litigants herein deal with the disbursement and use to be made of revenues derived from the gasoline and license taxes, and all allow such money to be used to maintain public roads and highways, the phraseology of each being similar to that used in Section 5735.23, as follows:
“The amount received by each municipal corporation shall be used to construct, reconstruct, repave, widen, maintain, repair, clear and clean public highways, roads and streets * * (Emphasis added.)
Although the General Assembly has not specifically defined the term, “highway,” for the purpose of the sections under consideration, it has so defined that term with respect to other provisions regarding highways which may be constructed and maintained with money from the fuel and license taxes.
Section 5501.01, Revised Code, reads as follows:
“ ‘Road’ or ‘highway,’ when used in Chapters 5501, 5503, 5505, 5511, 5513, 5515, 5517, 5519, 5521, 5523; 5525, 5527, 5529, 5531 and 5533 of the Revised Code includes bridges, viaducts, grade separations, appurtenances, and approaches on or to such road or highway.” (Emphasis added.)
The chapters of the Revised Code to which the definition is specifically made applicable are entitled, “Department of Highways” (5501), “State Highway Patrol” (5503), “[State *371 Highway Patrol] Pension Fund” (5505), “State Highway System” (5511), “Materials — Purchase; Sale; Exchange” (5513), “State Highways — Use; Obstruction” (5515), “Proposed Projects — Maintenance; Repair” (5517), “Appropriation of Property” (5519), “Municipal and County Co-operation” (5521), “Grade Crossings” (5523), “Construction Contracts” (5525), “State Highway Construction Fund” (5527), “Roadside Improvements” (5529), “Federal Co-operation” (5531), and “Memorial Highways ” (5533).
Although the chapters to which the above definition is made specifically applicable do not include Chapter 5535, entitled “Types of Highways,” a “limited access highway” is defined therein (Section 5535.02) as follows:
“A ‘limited access highway’ or ‘freeway’ is a road, highway, or street, especially designed for through traffic, over which abutters have no easement or right of access by reason of the fact that their property abuts upon such highway. Access may be allowed only at highway intersections designated by the Director of Highways, Board of County Commissioners, or municipal authorities on roads within their jurisdiction, so as to eliminate cross traffic of vehicles.” (Emphasis added.)
Thus, since the money with which we are concerned may be used for “maintenance * * * of public highways” (Section 5a, Article XII of the Constitution, Section 5735.23, supra, and Section 5527.02, Revised Code), such highways are built generally pursuant to the provisions of the chapters mentioned in the quoted definition thereof (Section 5501.01, supra), and a “limited access highway” is but a public road or “highway * * * especially designed for through traffic,” it follows that “limited access highways” are “highways” such as are defined in Section 5501.01 and are maintainable as such. Included in the definition of “highway” is the term, “appurtenances,” and we conclude that “appurtenances” to “limited access highways” may be maintained with the funds in question, just as are appurtenances to other types of “highways.”
We must now consider whether a lighting system for the urban portion of a limited-access highway, which, as admitted *372 by a demurrer, may not be used by pedestrians or bicycle riders and may be used only by the operators of motor vehicles, is an “appurtenance” to a “public highway.”
The only possible justification for the “limited access” features of modern highways (including the urban portions thereof) is to allow vehicular traffic to consistently maintain a fairly high rate of speed, with the dangers attendant to the entrance onto and exit from such highways of other traffic reduced to a minimum, that is, to make possible their handling of a greater volume of traffic with more safety. It is for safety reasons generally that the “road” or “highway” of today may include such features as banked curves, lines permitting or forbidding passing, lines marking the center and edges of the road, mowed and shrubbed parkways between opposing traffic lanes, lights, which are not “traffic lights or signals,” at particularly dangerous intersections, and many other incidental and appurtenant features which contribute to safety in the operation of motor vehicles on such highways.
Without belaboring the point further, it seems clear to this court that, when the purpose of the “limited access highway” is considered together with the fact of the increased congestion which\occurs on the urban portions thereof, the conclusion is inescapable that, as a further safety factor, lighting systems for such urban portions are appurtenances thereto and a part of such highways and for that reason are maintainable with funds derived from the fuel and license taxes.
The Court of Appeals considered whether “maintaining” such a lighting system includes the furnishing of electricity to activate it, and we are in wholehearted accord with its finding that it does. It is self-evident to this court that it is the light actually dispersed by such a lighting system which justifies its existence, rather than the mere presence of instrumentalities whereby such light may be dispersed. To maintain a lighting system in the furtherance of the safe movement of motor-vehicle traffic at night obviously means to maintain the flow of electricity which activates the instrumentalities of dispersal; and to allow usage of fuel and license tax money therefor in situations such as that under consideration is in the further- *373 an.ce of one of the statutory purposes for the fuel tax set out in Section 5735.05, Revised Code, i. e., “to distribute equitably among those persons using the privilege of driving motor vehicles upon such highways and streets the cost of maintaining and repairing the same.”
It is to be noted that the street lighting considered here is not to be compared or confused in any manner with the lighting by a municipality of its streets as contemplated by Section 727.07, Revised Code. The lighting contemplated there is primarily designated for the benefit of pedestrians and abutting or adjacent real property, as evidenced by the source of funds to provide therefor set out in Section 727.01, and has nothing whatever to do with the lighting of urban portions of “limited access highways” which are “especially designed for through traffic. ’ ’
As the findings we have made herein preclude any further hesitation on the part of respondent to comply with the demand of relator that repsondent pay the bill in question out of the “Highway Maintenance Fund,” the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taft, Bell and Herbert, JJ., concur.
Peck, J., not participating.